## WHITE v. DEN EX DEM. WOODRUFF.

The trial and verdict in ejectment must have relation to the land described in the consent rule, and to no other.

But if the land for which the defendant means to defend is described in the consent rule, as a lot *about* five chains and twenty-five links in depth, the description is sufficient to entitle the plaintiff to recover the entire lot described in his deed, though it be a few links more than five chains and twenty-five links in depth.

This was a writ of error to the Supreme Court, and the errors assigned were founded upon a bill of exceptions to the ruling and charge of Justice Potts, before whom the cause was tried at the Gloucester circuit, in May term, 1852. The cause was argued upon the errors assigned by Mr. *William Halsted* for plaintiff in error, and by Mr. *Browning* for defendant in error.

The opinion of the court was delivered by

THE CHIEF JUSTICE. A single question is presented by the bill of exceptions for the consideration of this court. Did the Judge err in charging the jury—that the description given, in the consent rule, of the premises for which the defendant intended to defend, and for which he confessed lease, entry, ouster, and possession, was sufficient to entitle the plaintiff to recover the premises described in his deed, if in other respects the jury were satisfied of the plaintiff's right to recover.

The description of the premises in the declaration is general, in accordance with all the precedents. By the ancient practice, the consent rule was also general, the defendant agreeing to accept a declaration for the premises in question in the cause. The plaintiff recovered judgment for all the land in the possession of the defendant answering the general description of the declaration, and to which, upon the trial, the plaintiff proved title. If the plaintiff under the execution obtained possession of land not proved to be in the possession of the defendant, or to which the plaintiff did not prove title, the court, upon application for that purpose, in a summary way, corrected the error, and

restored the possession to the party aggrieved. *Connor* v. *West*, 5 *Burr.*, 2673 ; *Den* v. *O'Hanlin*, 3 *Harr.* 127 ; *Jackson* v. *Hasbrouck*, 5 *Johns. R.* 366 ; *Jackson* v. *Stiles*, 5 *Cowen* 418 ; *Jackson* v. *Rathbone*, 3 *Cowen* 291.

By the modern practice the defendant is required to specify in the consent rule, the premises for which he intends to defend, and also to admit the possession of said premises to be in himself or in his tenant. *Adams on Eject.* 263 ; *Archbold's Forms* 371 ; *Rules Sup. Court, Rule* 77.

If he defend for only part of the premises claimed by the plaintiff, judgment by default is entered for the residue. 2 *Sellon's Prac.* 104.

The parties go to trial upon an issue in respect to the land specified in the consent rule. The defendant confesses lease, entry, ouster, and possession, as to that land only. The trial and verdict must have relation to that land, and no other. If the plaintiff fail to establish his title to premises embraced within the description contained in the consent rule, the verdict must be for the defendant. If in such case a verdict be rendered for the plaintiff upon proof of title to premises not included within the description in the consent rule, the verdict is clearly erroneous.

In the present case it is not denied that the plaintiff below showed title to all the land described in the consent rule. The error relied on is, that the plaintiff showed title not only to all the land described in the consent rule, but also to land not within that description. The whole difficulty consists in this: that the description in the plaintiff's deed is, according to the allegation of the plaintiff in error, broader than the description in the consent rule. Admitting the fact to be as alleged, the result would be the same so far as the verdict and judgment are concerned. The plaintiff having established title to all the land described in the consent rule, the verdict must necessarily be for the plaintiff. It could have been in no wise affected, if the charge to the jury had been in accordance with the views of the plaintiff in error. It is not alleged that any evidence was improperly admitted. There was no error in this respect. One deed covered the entire premises. If,

then, the judge had erroneously charged the jury that under the issue joined in the case, the plaintiff might recover premises not described in the consent rule, it is not perceived that there would have been ground for reversal; because there is no error, either in the verdict or in the judgment. Whatever might have been the view of the judge upon the point complained of, the verdict and judgment would have been precisely the same. If by virtue of his execution the plaintiff should attempt to take possession of more land than is described in the consent rule, in violation of the rights of the defendant, his remedy would be by application to the court for summary relief. His title to relief would be in no wise affected by any opinion expressed by the judge upon the trial.

But admitting that the charge of the judge, if erroneous in the particular complained of, would afford substantial ground of error, it is not perceived that any error was committed. The instruction given to the jury was that the description of the consent rule was sufficient to entitle the plaintiff to recover the premises described in the deed. The instruction given is not that the plaintiff was entitled to recover the lands not described in the consent rule, but that the description contained in the rule is broad enough to cover all the land described in the deed. The object of the description in the consent rule is to apprize the plaintiff of the particular land for which the defendant intends to defend. It is not necessary nor usual to describe it by precise metes and bounds, except where a question of boundary is involved. In this case the controversy manifestly relates to the title of the entire lot. The defendant defends for the lot described in the plaintiff's title deed. It is described in the consent rule accurately in every respect, except that it is alleged to be about *five chains and twenty-five links* in depth, when in point of fact the lot is a few links deeper. The description is intelligible, and is sufficiently accurate as applied to the whole lot. If the defendant had designed to limit his defence to the precise extent specified in the consent rule, he should have stated the depth of the lot as claimed by him, strict measure. There is no intimation of

any controversy between the parties in relation to boundary, or of any misapprehension on the part of the defendant in regard to the premises to which the plaintiff claimed title.

The judgment must be affirmed.

*For Affirmance*—The Chief Justice, The Chancellor, Judges Ogden, Valentine, Cornelison, Huyler, Risley, and Wills.

*For Reversal*—None.